IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MERA L. TYSON, | * | C. A. No.: |
| | * | |
| Plaintiff, | * | |
| | * | **TRIAL BY JURY DEMANDED** |
| v. | * | |
| | * | |
| CONNECTIONS COMMUNITY | * | |
| SUPPORT PROGRAMS, INC., | * | |
| a Delaware corporation, | * | |
| | * | |
| Defendant. | * | |

## COMPLAINT

1. Plaintiff Mera L. Tyson is a resident of the State of Delaware, residing at 135 Haman Drive, Apartment 103, Dover, Delaware 19904.

2. Defendant Connections Community Support Programs, Inc., is a Delaware corporation whose registered agent for service of process is Catherine Devaney McKay, 500 West 10th Street, Wilmington, Delaware 19801.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of the Americans With Disabilities Act, 42 U.S.C. §12101, *et seq.* (the "ADA").

4. Jurisdiction is conferred on this Court by 42 U.S.C. §12117(a) and by 28 U.S.C. §1367.

5. Plaintiff brings this action to redress the wrongs done to her by Defendant's discrimination against her on the basis of her disabilities.

6. Plaintiff timely submitted a complaint of discrimination on the basis of disability to the Equal Employment Opportunity Commission (the "EEOC").

7. Plaintiff has received a Notice of Right to Sue from the EEOC.

8. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the aforementioned Notice of Right to Sue.

9. Venue for all causes of action stated herein lies in the District of Delaware, as the acts alleged as the bases for these claims took place within the boundaries of that District.

10. At all times relevant to this Complaint, Plaintiff has had a "disability" as that term is defined by 42 U.S.C. §12102(1). Specifically, she has had physical impairments that substantially limit one or more of her major life activities, and/or she has had a record of such impairments, and/or she has been regarded by Defendant as having such impairments. Specifically, Plaintiff has been diagnosed with narcolepsy and sleep apnea.

11. Despite Plaintiff's diagnosed impairments, she was, at all times relevant to this Complaint, able to perform the essential functions of her job position with reasonable accommodation.

12. Defendant is liable for the actions of its agents as set forth in this Complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the corporate ratification of the agents' actions by Defendant.

13. Plaintiff was employed by Defendant as an Assistant Clinician from on or about December 16, 2013, until her discharge on or about June 17, 2014.

14. In or about April 2014, Plaintiff was diagnosed by her treating physician with narcolepsy and sleep apnea.

15. Following her diagnosis, Plaintiff informed Defendant of her diagnosis.

16. Plaintiff requested from Defendant a reasonable accommodation, namely that she be allowed to transfer from her night shift position to an available day shift position. Plaintiff

requested to be considered for available day shift positions, including FT Program Assistant and Rep Payee/Records Assistant positions available in Wilmington, and an administrative staff position available in Dover.

17. Subsequently, Plaintiff's treating physician gave instructions that, due to Plaintiff's disabilities, Plaintiff not work any night shift or shift work. When Defendant denied Plaintiff any work following this request, Plaintiff's treating physician modified his instructions to request that the frequency of night shift or shift work be reduced for Plaintiff. Plaintiff's treating physician also clarified that there were no other restrictions on Plaintiff's work performance.

18. Despite the reduction of restrictions by Plaintiff's treating physician, Defendant continued to deny Plaintiff work for the purported reason that Plaintiff's treating physician had not clarified her restrictions.

19. From that time forward, Defendant offered Plaintiff no further work, and Plaintiff was effectively discharged.

20. The reason proffered by Defendant for Plaintiff's discharge, *i.e.*, that Plaintiff's treating physician had allegedly not clarified her restrictions, was pretextual and intended to mask the true reason for Defendant's actions, *i.e.*, discrimination against Plaintiff on the basis of disability.

21. The wrongful acts committed by Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

22. By committing the aforementioned acts, including denying Plaintiff's request for a reasonable accommodation and effectively discharging Plaintiff, Defendant has discriminated against Plaintiff on the basis of her disability in violation of the ADA.

23. As a direct result of the discriminatory conduct of Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against Defendant for:

(a) Back pay, including interest;

(b) Reinstatement, if feasible, or in the alternative, front pay;

(c) Compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

(d) Punitive damages;

(e) Pre-judgment and post-judgment interest;

(f) Attorney's fees; and

(g) Any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE 19901-0497
(302) 674-0140
Attorney for Plaintiff

DATED: 3-11-15
NEP:pmw